The State Department of Transportation ("ALDOT") appeals from the Lamar Circuit Court's judgment in a dispute between ALDOT and a landowner regarding the placement of an outdoor advertising sign pursuant to the Highway Beautification Act — Outdoor Advertising, § 23-1-270 to § 23-1-288, Ala. Code 1975.
The record on appeal is meager; however, we need not describe the facts in great detail. Emmett C. Sanford and Kay B. Sanford own property adjacent to State Highway 17 in Vernon. With the Sanfords' permission, Robert Tomey erected an advertising sign on their property in 2002; Tomey obtained a permit for the sign from ALDOT pursuant to § 23-1-275, Ala. Code 1975.[1] Tomey removed the sign in 2005, and the Sanfords erected another advertising sign on the southern boundary of their property without obtaining a permit from ALDOT. ALDOT ordered the Sanfords to remove the sign because Tomey's permit remained in force and no other sign could be permitted for the property. In August 2005, the Sanfords filed a complaint seeking to enjoin ALDOT from removing the sign and seeking a declaration that the sign was not unlawfully placed. Tomey was not made a party to the litigation.
In February 2006, while the case was pending, Tomey applied to ALDOT for a permit to place his sign on the northern boundary of property owned by Mayro Morrow. Morrow's property is adjacent to State Highway 17 and is on the same side of State Highway 17 as the Sanfords' property. The distance from the southern boundary of the Sanfords' property to the northern boundary of Morrow's property is 325.9 feet. It is unclear from the record what permits for outdoor advertising signs, if any, existed relative to the Sanfords' property and Morrow's property at the time of trial.
After a trial at which the parties stipulated to the facts, the trial court ordered *Page 786 
ALDOT, upon the Sanfords' submission of the requisite forms and fees, to issue a permit to the Sanfords that would allow the sign on the southern boundary of their property. The trial court also stated that ALDOT was "allowed to issue a permit on the application filed by Mr. Robert Tomey permitting his [sign] to be placed on the northern boundary of the Morrow property." ALDOT appealed to the supreme court. The case was transferred to this court by the supreme court pursuant to § 12-2-7(6), Ala. Code 1975.
Section 23-1-274(3), Ala. Code 1975, states, in relevant part:
 "c. Signs shall not be erected or maintained closer to another sign . . . than the following prescribed distances. . . .
 ". . . .
 "4. On primary highways located within the zoning authority of incorporated cities, for sign structures erected after July 15, 1995, there must be at least 500 feet between sign structures on the same side of such highway. . . ."
The parties do not dispute that § 23-1-274(3)c.4. applies in this case.
The trial court's judgment violates § 23-1-274(3)c.4. in that it requires ALDOT to issue permits for outdoor advertising signs within 500 feet of one another on the same side of State Highway 17. We, therefore, reverse the trial court's judgment and remand the case to the trial court for a determination of what permits are currently in place for the Sanfords' property and for properties within 500 feet of their property, and for a determination whether the sign on the Sanfords' property may be permitted within the requirements of § 23-1-274, Ala. Code 1975.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., recuses himself.
[1] Under § 23-1-275(b), "[p]ermits shall be for the calendar year, and shall be renewed annually upon payment of a fee of $10.00 for the following calendar year without the necessity of filing a new application."